UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

RICHARD DAMOTH,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Case No.:
                               )
CONSERVE,                      )    COMPLAINT AND DEMAND
                               )    FOR JURY TRIAL
    Defendant.                 )
_____)    (Unlawful Debt Collection Practices)

## COMPLAINT

RICHARD DAMOTH ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONSERVE ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Sterling Heights, Michigan 48310.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 200 Cross Keys Office Park, Fairport, New York 14450.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Plaintiff has a cellular telephone.

12. Plaintiff has only used this number as a cellular telephone number.

13. Defendant was attempting to collect a personal debt from Plaintiff.

14. The alleged debt at issue arose out of transactions related to a student loan debt from Southeastern Community College that was primarily for personal, family or household purposes.

15. Between May 2015 and February 2016, Defendant placed repeated harassing telephone calls to Plaintiff.

16. Defendant's representatives have contacted Plaintiff from the following phone number: (877) 999-1964.The undersigned has confirmed that this phone number belongs to the Defendant.

17. Plaintiff has been making monthly payments to Defendant, but Defendant's collectors have been demanding that Plaintiff pay more per month.

18. In September 2015, Plaintiff spoke to Defendant's collector and told them to stop calling him regarding this debt.

19. Defendant's representatives have ignored Plaintiff's requests that the calls stop and have continued to call Plaintiff.

20. After Plaintiff's request to stop calling him was ignored by Defendant's collectors, he was forced to block calls from their number.

21. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §1692d OF THE FDCPA

22. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. Defendant violated §1692d when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone, and continuing to call after Plaintiff requested the calls cease in September 2015.

## COUNT II
## DEFENDANT VIOLATED §1692d(5) OF THE FDCPA

24. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Here, Defendant violated §1692 (d)(5) of the FDCPA when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone, and continuing to call after Plaintiff requested the calls cease in September 2015.

WHEREFORE, Plaintiff, RICHARD DAMOTH, respectfully prays for a judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RICHARD DAMOTH, demands a jury trial in this case.

Respectfully submitted,

Dated: May 16, 2016    By:    /s/ Amy L. Bennecoff Ginsburg, Esq.
                                          Amy L. Bennecoff Ginsburg, Esq.
                                          Kimmel & Silverman, P.C.
                                          30 East Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Facsimile: (877) 788-2864
                                          Email: aginsburg@creditlaw.com